## EL PUEBLO *v.* RODRÍGUEZ.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 57.—Resuelto en marzo 27, 1907.

ACUSACIÓN—DEFECTOS DE FORMA.—La falta de expresar en la acusación ante qué funcionario fueron juramentados los testigos, cuyas declaraciones sirvieran de base para formularla, no constituye un defecto fundamental, sino meramente de forma.

Violación—Escalamiento.—En el caso de autos se alegó que habiendo sido condenado el acusado por violación, para cuya perpetración tuvo necesidad de realizar el escalamiento que se le imputa, no ha podido ser penado también por ese acto, según el precepto del artículo 44 del Código Penal: *Se resolvió* que aunque no hay en autos suficientes constancias para discutir el punto, en ningún caso sería aplicable el artículo 44 citado, toda vez que dicho artículo se refiere á un *mismo acto ú omisión,* penado por distintas disposiciones del Código, y aquí se trata de dos *actos distintos* que constituyen *distintos delitos: escalamiento y violación.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Texidor.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Hernández emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Guayama en causa por escalamiento en primer grado.

José Rodríguez fué acusado de que en la noche del 10 de enero del año de 1906, en el término municipal de Cidra, fracturó una ventana de la casa de vivienda de Juan Rosario é ilegalmente penetró dentro de la misma con intención de cometer el delito de violación, cuya acusación, según manifestación del fiscal de la mencionada corte, estaba basada en el testimonio de testigos examinados, bajo juramento, sin que se exprese ante quién fueron examinados y jurados.

Con tal acusación por base, se celebró el juicio; y declarado culpable el Rodríguez, fué condenado por sentencia de 30 de abril de 1906 á la pena de cuatro años de presidio con trabajos forzados y las costas, cuya sentencia empezaría á cumplir inmediatamente, después de extinguir la pena de ocho años de presidio, que en la misma fecha le había sido impuesta por el delito de violación.

Contra esta sentencia interpuso el acusado recurso de apelación por estimarla contraria á las pruebas practicadas en el juicio, sin que haya venido en el récord pliego de excepciones, ni escrito de exposición de hechos; no obstante lo cual, la

representación del apelante ante esta Corta Suprema ha sostenido el recurso, alegando como motivos los siguientes:

"1º. Que la acusación no se ajusta á las prescripciones del Código de Enjuiciamiento Criminal, por cuanto en ella no se expresa quién examinó á los testigos, ni quién les tomó el juramento, y por tanto, se ignora si la persona ó funcionario que practicó esos actos tenía autoridad para ello.

"2º. Que habiendo sido condenado el acusado por delito de violación, para cuya perpetración fué medio necesario el escalamiento de que se trata, no ha podido ser penado también por ese acto, según el precepto del artículo 44 del Código Penal."

En cuanto al primer motivo del recurso, la objeción alegada no puede considerarse como error fundamental, sino como defecto de forma que no vicia de nulidad la sentencia pronunciada. Así lo hemos establecido ya en el caso de *El Pueblo de Puerto Rico* v. *Manuel Alomar,* decidido en 15 de marzo de 1906.

En cuanto al segundo motivo, no aparece en forma, del récord, que el acusado ejecutara el escalamiento que motiva su condena para realizar el delito de violación por el cual fué también condenado en otra causa, y por tanto, bien podríamos dejar de prestar consideración á semejante alegación por falta de hecho debidamente justificado que pueda servir de base á la discusión; pero haciendo honor á la ilustrada defensa del apelante y partiendo del supuesto de que el escalamiento fuera medio para realizar la violación, sostenemos que no es de aplicación al caso el artículo 44 del Código Penal, por cuanto ese artículo claramente se refiere á un acto ú omisión penable de distintos modos por distintas disposiciones del Código, y aquí no se trata de un solo acto, sino de dos actos distintos, á saber, escalamiento definido en los artículos 408 y 409 del Código Penal, y violación definida en el artículo 255 del mismo Código. El escalamiento puede ejecutarse sin violación y la violación sin escalamiento; son dos actos distintos que deben penarse separadamente.

Por las razones expuestas, procede se confirme la sentencia apelada con las costas del recurso á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.